**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**


**LORD JUDAH AL-BARR**                                              **PETITIONER**


**v.**                          **NO. 2:25-cv-00079-KGB-PSH**


**WARDEN GARRETT, ASSISTANT WARDEN EDGE**          **RESPONDENTS**
**ASSOCIATE WARDEN HAILIARE,**
**ASSISTANT/ASSOCIATE WARDEN STALHOOD,**
**CASE MANAGER COORDINATOR JEFFERSON,**
**UNIT MANAGER WILSON, CASE MANAGER BARRETT,**
**COUNSELOR WILLIAMS, OFFICER BATCH,**
**OFFICER PITTS, SUPERVISOR OF EDUCATION PUGH,**
**and HEAD CHAPLAIN WILLIAMS**


<u>FINDINGS AND RECOMMENDATION</u>


<u>INSTRUCTIONS</u>

The following Recommendation has been sent to Chief United States

District Judge Kristine G. Baker. You may file written objections to all or

part of this Recommendation. If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection, and

(2) be received by the Clerk of this Court within fourteen (14) days of this

Recommendation. By not objecting, you may waive the right to appeal

questions of fact.

DISPOSITION

Introduction. In this case, filed pursuant to 28 U.S.C. 2241, petitioner Lord Judah Al-Barr ("Al-Barr") seeks $500,000,000 in compensatory damages and $46,000,000 in punitive damages. Al-Barr maintains that the respondents are conspiring to prevent his sentence from being accurately calculated. It is recommended that this case be dismissed sua sponte prior to service. To the extent Al-Barr raises a habeas claim, it is being litigated in another case, and it would be a waste of judicial time and resources to also litigate the claim in the case at bar. His conditions-of-confinement and state law claims are substantially similar to claims that were dismissed in a prior case, are not cognizable in a proceeding pursuant to 28 U.S.C. 2241, and cannot be litigated here pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

3:21-cr-00014-BSM-1. The records maintained by the Clerk of the Court reflect that on April 7, 2021, Al-Barr was charged in United States v. Al-Barr, 3:21-cr-00014-BSM-1 (E.D. Ark.), with being a felon in possession of a firearm.[1] Al-Barr eventually pleaded guilty to the offense and was sentenced on April 14, 2023, by United States District Judge Brian S. Miller to forty-six months in the custody of the Federal Bureau of Prisons ("BOP").

---

[1]     Al-Barr was previously known as Marcus Shivoski Vaughn.

The Judgment signed by Judge Miller reflects that he recommended Al-Barr receive "[c]redit for time served since [June 16, 2020], <u>see</u> <u>United States v. Vaughn</u>, 3:21-cr-00014-BSM-1, Docket Entry 43 at CM/ECF 2, or for the period beginning on the day Al-Barr apparently completed a ninety-day state sentence for a parole violation and began being held by state officials on a federal detainer issued in connection with 3:21-cr-00014-BSM-1.

On September 9, 2023, Al-Barr filed a motion in 3:21-cr-00014-BSM-1 to effectuate Judge Miller's recommendation that Al-Barr receive credit on his sentence for the period between June 16, 2020, and the day he was sentenced.[2] Judge Miller denied the motion because Al-Barr had received credit on his state sentence for the period, and 18 U.S.C. 3585(b)(2) bars the awarding of credit on a federal sentence if the period were credited against another sentence.

On December 2, 2024, Al-Barr filed a motion in 3:21-cr-00014-BSM-1 to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. In the motion, he maintained that the BOP was not applying his time-served credits properly. Judge Miller denied the motion, doing so for the following reason:

---

[2]    That issue, <u>i.e.</u>, Al-Barr's entitlement to credit on his sentence for the period between June 16, 2020, and the day he was sentenced in 3:21-cr-00014-BSM-1, appears to have also been litigated in <u>Al-Barr v. Garrett</u>, 2:24-cv-00162-JVV (E.D. Ark.).

> ... as previously held, <u>see</u> Doc. No. 48, the BOP has applied Al-Barr's time-served credits properly because he received credit on his state sentence for the same period of time that he is seeking credit for his federal sentence. Additionally, I lack the authority to award time-served credit because that authority rests with the Attorney General, acting through the BOP. <u>See</u> <u>United States v. Wilson</u>, 503 U.S. 329, 333-36 (1992).

<u>See</u> <u>United States v. Vaughn</u>, 3:21-cr-00014-BSM-1, Docket Entry 56 at CM/ECF 1-2.

<u>2:25-cv-00025-BSM</u>. On February 5, 2025, Al-Barr began <u>Al-Barr v. Garrett</u>, 2:25-cv-00025-BSM (E.D. Ark.), by filing a complaint pursuant to 42 U.S.C. 1983. In the complaint, he alleged equal protection violations; violations of his rights under the Eighth Amendment; due process violations; and state law claims of negligence, assault, false imprisonment, and intentional infliction of emotional distress. Judge Miller summarized the facts supporting Al-Barr's claims as follows:

> Plaintiff sued former FCI-Forrest City Warden Chad Garrett, Assistant Warden Edge, Associate[] Warden Hailaire, Case Manager Coordinator Jefferson, Unit Manager Wilson, Case Manager Barrett, and Counselors Williams and Pike ... Plaintiff asserts Defendant Barrett refuses to correct an error in Plaintiff's BOP records. ... Plaintiff says Defendant Barrett's refusal to correct the error has prevented Plaintiff from being eligible for earlier release from federal custody. ... According to Plaintiff, all other Defendants conspired with Defendant Barrett for the error in his files to go uncorrected. ...

See Al-Barr v. Garrett, 2:25-cv-00025-BSM-JTK, 2025 WL 996416, 1 (E.D. Ark. Mar. 7, 2025), report and recommendation adopted, 2:25-CV-00025-BSM, 2025 WL 993906 (E.D. Ark. Apr. 2, 2025).

On April 2, 2025, Judge Miller dismissed 2:25-cv-00025-BSM sua sponte. Judge Miller dismissed the case because Al-Barr's federal claims were conclusory; were barred by Heck v. Humphrey, 512 U.S. 477 (1994); or otherwise failed to state a claim for relief. With respect to Al-Barr's state law claims, Judge Miller declined to exercise jurisdiction over them. Judge Miller did observe, though, that to the extent Al-Barr was challenging the length of his sentence, "his only federal recourse is habeas corpus." See Al-Barr v. Garrett, 2:25-cv-00025-BSM-JTK, 2025 WL 996416, 3.

2:25-cv-00070-DPM-PSH. On April 15, 2025, Al-Barr began Al-Barr v. Humphrey, 2:25-cv-00070-DPM-PSH (E.D. Ark.), by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, Al-Barr again alleged that he is entitled to credit on his sentence for the period between June 16, 2020, and the day he was sentenced in 3:21-cr-00014-BSM-1. He also alleged that his sentence is not being accurately calculated because he has not received the time credits he has earned pursuant to the First Step Act and the Second Chance Act. A response has been filed in that case, and a final recommendation awaits.

2:25-cv-00079-KGB-PSH. On April 28, 2025, or thirteen days after filing 2:25-cv-00070-DPM-PSH, Al-Barr began the case at bar by filing what he characterized as a "motion for complaint for damages under 28 U.S.C. 2241 by a person in federal custody/petition for writ of habeas corpus." See Docket Entry 1 at CM/ECF 1. In the submission, he sought $500,000,000 in compensatory damages and $46,000,000 in punitive damages for the following violations of his rights and torts committed against him by the twelve respondents:

> … discrimination, due process, decent conditions, cruel and unusual punishment, negligence, assault, false imprisonment, and the intentional infliction of emotional distress while the petitioner was well aware that he was within his rights while the respondents individually and collectively refused to provide the petitioner with reasonable aid and assistance as to protect the petitioner from the well known unreasonable risk that is case manager T. Barrett and her abuse of authority.

See Docket Entry 1 at CM/ECF 1-2. Al-Barr alleged that respondent Barrett ("Barrett"), whom Al-Barr identified as a case manager, is refusing to correct inaccuracies in the calculation of Al-Barr's sentence, inaccuracies that include his failure to receive First Step Act time credits. Al-Barr additionally alleged that the other respondents are conspiring with Barrett to ensure that the inaccuracies go uncorrected.

The undersigned reviewed Al-Barr's submission as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). The submission was flawed, and service of process was not ordered at that time.[3] Instead, the Court ordered Al-Barr to file an amended petition in which he joined only the warden of Al-Barr's institution and limited his claim to a challenge to the execution of his sentence, i.e., the way it is being served. Al-Barr was additionally ordered to either pay the five-dollar filing fee or file an application to proceed in forma pauperis.

---

[3]    The flaws identified by the undersigned were as follows:

(1) Al-Barr joined twelve respondents in the case at bar. The proper, and only, respondent in a habeas corpus proceeding, though, is the petitioner's custodial agent, who in this instance is the warden of the Federal Correctional Institution, Forrest City Medium. Respondent Garrett is no longer the warden of that institution.

(2) Al-Barr filed his submission pursuant to 28 U.S.C. 2241, the general habeas corpus statute. A petitioner can use the statute to challenge the execution of his sentence. Al-Barr's submission, though, was comprised of conditions-of-confinement and state law tort claims, none of which can be raised in a proceeding pursuant to 28 U.S.C. 2241.

(3) Al-Barr sought relief in the form of monetary damages, which are not available in a proceeding pursuant to 28 U.S.C. 2241.

(4) Al-Barr failed to accompany his submission with the five-dollar filing fee or an application to proceed in forma pauperis. He must either pay the filing fee or obtain permission to proceed in forma pauperis before service of process can be ordered.

(5) It is possible, if not probable, that the case at bar is simply a re-filing of Al-Barr v. Garrett, No. 2:25-cv-00025-BSM (E.D. Ark.), a case in which he alleged that Barrett and the other respondents are conspiring to ensure that inaccuracies in the calculation of his sentence are not corrected.

Al-Barr responded by filing a complaint for damages pursuant to 42 U.S.C. 1983, see Docket Entry 4, and a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, see Docket Entry 6. In the submissions, he sought $500,000,000 in compensatory damages and $46,000,000 in punitive damages for the violation of his rights and torts committed against him. He continued to maintain that the respondents are conspiring to ensure that inaccuracies in the calculation of his sentence are not corrected.

The undersigned reviewed the two submissions as required by Rule 4 and observed that they were flawed.[4] To the extent Al-Barr raised a habeas claim in the submissions, the undersigned was reluctant to allow the claim to move forward, as it appeared to be the subject of 2:25-cv-00070-DPM-PSH. His conditions-of-confinement and state law claims were outside the scope of 28 U.S.C. 2241, and it was not clear that he could proceed with them here pursuant to Bivens.[5]

---

[4]    The flaws identified by the undersigned were as follows: (1) Al-Barr again joined twelve respondents in his submissions. (2) 42 U.S.C. 1983 is outside the scope of this case, and his conditions-of-confinement and state law tort claims cannot be raised in a proceeding pursuant to 28 U.S.C. 2241. (3) He sought relief in the form of monetary damages, which are not available in a proceeding pursuant to 28 U.S.C. 2241.

[5]    The United States Supreme Court has recognized an action under Bivens in only one of three instances, see Lindsey v. Yates, No. 2:22-cv-00244-BSM-ERE, 2023 WL 1784771, 2 (E.D. Ark. Jan. 19, 2023), report and recommendation adopted, No. 2:22-cv-00244-BSM, 2023 WL 2666167 (E.D. Ark. Mar. 28, 2023), and Al-Barr's claims are not one of those three instances.

Because Al-Barr's two submissions were flawed, he was directed to show cause why the undersigned should not recommend that this case be dismissed <u>sua</u> <u>sponte</u> prior to service. Specifically, he was directed to show the following:

(1) why his habeas claim—that prison officials are conspiring to not correct inaccuracies in the calculation of his sentence—should move forward in this case, when the claim is also the subject of 2:25-cv-00070-DPM-PSH;

(2) why, when his conditions-of-confinement and state law tort claims cannot be litigated in this case, he should be allowed to pursue the claims in a <u>Bivens</u> action.

Al-Barr thereafter filed a response to the show cause order. In the response, he made several assertions. For instance, he again maintained that he is not being given credit on his sentence for the period between June 16, 2020, and the day he was sentenced in 3:21-cr-00014-BSM-1, and he should receive monetary compensation for being held in custody past the forty-six-month sentence imposed by Judge Miller. Al-Barr additionally maintained that were he properly credited for his time served, his First Step Act time credits, and his Second Chance Act time credits, he would be entitled to an immediate release from custody.

The undersigned has again reviewed Al-Barr's submissions as required by Rule 4. Although sua sponte dismissals are disfavored, see Haley v. Dormire, 845 F.2d 1488 (8th Cir. 1988), this case should be dismissed sua sponte prior to service for the reasons that follow.

First, Al-Barr's claim that he is entitled to credit on his sentence for the period between June 16, 2020, and the day he was sentenced in 3:21-cr-00014-BSM-1, was twice considered and rejected by Judge Miller. On October 6, 2023, Judge Miller found that Al-Barr had received credit on his state sentence for the period, and 18 U.S.C. 3585(b)(2) bars the awarding of credit on a federal sentence if the period were credited against another sentence. On December 20, 2024, Judge Miller found that the BOP has "applied Al-Barr's time-served credits properly because he received credit on his state sentence for the same period of time that he is seeking credit for his federal sentence." See United States v. Vaughn, 3:21-cr-00014-BSM-1, Docket Entry 56 at CM/ECF 1. Moreover, Judge Miller did not order that credit be given for the period; he merely recommended that credit be given for the period. In fact, he later observed that he "lack[ed] the authority to award time-served credit because the authority rests with the Attorney General ..." See United States v. Vaughn, 3:21-cr-00014-BSM-1, Docket Entry 56 at CM/ECF 1-2.

Second, Al-Barr claims that were he properly credited for his First Step Act time credits and his Second Chance time credits, he would be entitled to an immediate release from custody. That claim, though, is the subject of 2:25-cv-00070-DPM-PSH, and it would be a waste of time and resources to allow the claim to move forward in this case.[6]

Third, Al-Barr claims that the other respondents are conspiring to prevent his sentence from being accurately calculated. The undersigned is not persuaded that the claim is a habeas claim, as it does not challenge the execution of his sentence. The claim instead challenges the conduct of prison officials. To the extent it is a habeas claim, it can be raised and addressed in 2:25-cv-00070-DPM-PSH.

Fourth, Al-Barr seeks compensatory and punitive damages for the violation of his rights and torts committed against him. In support of his assertions, he maintains that the respondents are conspiring to ensure that inaccuracies in the calculation of his sentence go uncorrected. Substantially similar assertions were raised and rejected by Judge Miller in 2:25-cv-00025-BSM, and there is nothing to suggest that a different outcome should be reached here.

---

[6]    In fact, the pleadings in 2:25-cv-00070-DPM-PSH indicate that Al-Barr is now in pre-release custody.

Fifth, to the extent Al-Barr's conditions-of-confinement and state law tort claims are different than those raised and rejected by Judge Miller in 2:25-cv-00025-BSM, the claims at bar are not cognizable in a proceeding pursuant to 42 U.S.C. 2241, the general habeas corpus statute. 28 U.S.C. 2241 is generally limited to challenges to the execution of a sentence, i.e., the manner in which it is being carried out. See Alexander v. Haynes, No. 2:13-cv-00098-BSM, 2013 WL 5507665 (E.D. Ark. 2013) (petition under 2241 attacks execution of sentence, or manner in which it is being carried out). Even were he to prevail in this case, the federal courts lack jurisdiction to grant him the relief he seeks.

Sixth, this case cannot be converted to a Bivens action, which in some circumstances allows for money damages against federal officials for constitutional violations. The reason the case cannot be converted is that the United States Supreme Court has recognized an action under Bivens in only one of the following three instances:

> (1) the ground-breaking Bivens case itself, which involved an allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment; (2) Carlson v. Green, 446 U.S. 14 (1980), which involved a failure to treat a prisoner's asthma in violation of the Eighth Amendment; and (3) Davis v. Passman, 442 U.S. 228 (1979), which involved gender discrimination in violation of due process rights under the Fifth Amendment.

See Lindsey v. Yates, No. 2:22-cv-00244-BSM-ERE, 2023 WL 1784771, 2 (E.D. Ark. Jan. 19, 2023), report and recommendation adopted, No. 2:22-cv-00244-BSM, 2023 WL 2666167 (E.D. Ark. Mar. 28, 2023). See also Egbert v. Boule, --- U.S. ---, 142 S.Ct. 1793, 213 L.Ed.2d 54 (2022). "Extending Bivens to new contexts is a disfavored judicial activity." See Lindsey v. Yates, 2023 WL 1784771, 2 (internal quotation marks and citation omitted). See also Goldey v. Fields, No. 24-809 (U.S.S.Ct. June 30, 2025) (per curiam). It is highly unlikely that Bivens could be extended to the facts of the case at bar.

Recommendation. For these reasons, the undersigned recommends that Al-Barr's complaint for damages pursuant to 42 U.S.C. 1983 and his petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 not be served. Instead, those pleadings, and this case, should be dismissed sua sponte prior to service, and judgment be entered for the respondents.

DATED this 7th day of August, 2025.

_____
UNITED STATES MAGISTRATE JUDGE